UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Anthony Jones

 v.              Civil No. 17-cv-259-SM

Robert Hazlewood, Warden


**REPORT AND RECOMMENDATION**

Anthony Jones, a federal prisoner presently incarcerated at the Federal Correctional Institution, in Berlin, New Hampshire ("FCI-Berlin"), has filed a petition for a writ of habeas corpus (Doc. No. 1), pursuant to 28 U.S.C. § 2241. The matter is before this court for preliminary review, to determine whether the petition is facially valid and may proceed. See 28 U.S.C. § 2243; LR 4.3(d)(4)(A); see also Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions).


**Discussion**

On June 3, 2014, Jones was convicted, pursuant to his guilty plea, in the District of Idaho of one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and sentenced to serve eight-four months in prison. See United States v. Jones, No. 1:13-CR-00064-EJL (D. Idaho June 3, 2014) (ECF No. 69). Jones alleges here that his conviction

is invalid as his crime occurred on land over which the United States did not have jurisdiction, citing Adams v. United States, 319 U.S. 312 (1943).

Here, Jones has challenged the validity of the conviction and sentence underlying his present incarceration. In general, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over motions challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255. Section 2255(e)'s "savings clause" preserves only a limited role for this court to consider claims filed by a federal prisoner who was incarcerated within this district at the time he filed the § 2241 petition:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained ... unless it ... appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added). "[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted).

Nothing in Jones's petition provides any basis for the court to find that § 2255 "is inadequate or ineffective" to test

2

the validity of Jones's conviction and sentence, with respect to his jurisdictional claim. Accordingly, there is no savings clause jurisdiction over Jones's claims, and the district judge should dismiss this petition, for lack of subject matter jurisdiction, without prejudice to Jones's ability to file a § 2255 motion in the District of Idaho.

## Conclusion

For the foregoing reasons, the court recommends that the district judge dismiss this case in its entirety, for lack of subject matter jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 7, 2017

cc: Anthony Jones, pro se